IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD KOHN, *et al.*,<br>  Plaintiffs | : <br> : <br> : | |
| v. | : <br> : | CIVIL NO. 1:11-CV-109 |
| SCHOOL DISTRICT OF THE CITY<br>OF HARRISBURG, *et al.*,<br>  Defendants | : <br> : <br> : <br> : | |
| v. | : <br> : | |
| LINDA THOMPSON, *et al.*,<br>  Third-party Defendants | : <br> : | |

*M E M O R A N D U M*

I.  *Introduction and Procedural History*

        We are considering the motion for judgment on the pleadings filed by third-party defendants, James E. Ellison, Esq., and Rhoads & Sinon, the law firm where he practices.  Plaintiffs are the former superintendent of the Harrisburg School District, the deputy superintendent, and the assistant superintendent, respectively.  They sued the School District and other defendants to contest the termination of their employment, accomplished without notice or a hearing.  Their complaint has two main claims.  One is under 42 U.S.C. § 1983, alleging the terminations violated Plaintiffs' Fourteenth Amendment right to due process.  The other is under state law, alleging breach of contract because Plaintiffs' employment agreements allowed termination only for good cause and only after notice and a hearing.

Third-party defendants Ellison and Rhoads & Sinon are named in a third-party complaint filed by the defendant School District. The third-party defendants had previously filed a motion to dismiss the School District's claims against them. In a memorandum and order, dated May 7, 2012, *Kohn v. Sch. Dist. of the City of Harrisburg*, 2012 WL 1598096 (M.D. Pa.), we dismissed some of the claims against the third-party defendants but allowed the following School District claims to proceed by way of contribution: (1) the federal civil-rights conspiracy claim; and (2) the tortious-interference claim. 2012 WL 1598096, at *13-14. Because these claims remained in the case, under Fed. R. Civ. P. 18(a), we also permitted the School District's independent claim for legal malpractice against attorney Ellison and Rhoads & Sinon to proceed, although we concluded that on its own, the legal malpractice claim was not a proper third-party claim. *Id.* at *4, 7.

In allowing the two third-party claims to proceed, we acted on the assumption that a defendant had a right to contribution on a section 1983 claim against it. We noted that some courts had ruled that there is no right of contribution on a section 1983 claim, but we declined to rule on the issue because the parties had not briefed it. *Id.* at *6. n.9. The pending motion for judgment on the pleadings argues that there is no right to contribution on section 1983 claims, and hence the School District's civil-rights conspiracy and tortious-interference claims should be dismissed as violative of Fed. R.

Civ. P. 14(a)(1).[1]  The motion also argues that there is no procedural basis for keeping the legal malpractice claim in the case after these two third-party claims are dismissed.

II.  *Discussion*

      A.  *There Is a Right to Contribution on a Section 1983 Claim When Pennsylvania Law Applies Pursuant to 42 U.S.C. § 1988(a)*

Fed. R. Civ. P. 14(a)(1) governs the filing of third-party complaints. Essentially, it allows a third-party complaint if a defendant can plead that the third-party defendant is liable to the defendant for contribution or indemnity.  *Kohn*, *supra*, 2012 WL 1598096, at *3.[2]  For our purposes, we need only decide whether contribution is available for section 1983 claims.  If not, then the School District's remaining third-party claims must be dismissed, and its independent legal malpractice claim as well since that claim would no longer be able to rely on the presence in the suit of either of the third-party claims.[3]

---

[1]  The motion could thus have also been made under Fed. R. Civ. P. 14(a)(4) as a motion to strike the third-party claims.

[2]  In pertinent part, the rule provides that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."

[3]  Fed. R. Civ. P. 18(a) permits a party bringing a "third-party claim" to "join as independent, or alternative claims, as many claims as it has against an opposing party." Hence, a valid third-party claim is required.  *See Schwab v. Erie Lackawanna R.R. Co.*, 438 F.2d 62, 68-69, 70 (3d Cir. 1971)(Rule 18(a) allows the defendant with a valid Rule 14(a) claim to make an affirmative claim for relief against the third-party defendant as long as the court has jurisdiction over the latter claim, jurisdiction described as arising from the same transaction or occurrence as the Rule 14(a) third-party claim).

Attorney Ellison and Rhoads & Sinon argue that the School District's civil-rights conspiracy and tortious-interference claims are invalid under Rule 14(a)(1) because there is no right to contribution on section 1983 claims.[4] Among other cases, they cite *Rocuba v. MacKrell*, No. 10-1465, 2011 WL 5869787, at *3 (M.D. Pa. Nov. 22, 2011), in support. *Rocuba* collects many cases that have held there is no right to contribution in section 1983 actions. As *Rocuba*'s chain-cite shows, the overwhelming majority of cases have concluded that there is no right to contribution on section 1983 claims, a conclusion with which *Rocuba* agrees. As that chain-cite also shows, however, some of those in the minority are cases from the Third Circuit, as the School District points out in opposing the motion.

The split arises from the Third Circuit's decision in *Miller v. Apartments & Homes of New Jersey, Inc.*, 646 F.2d 101 (3d Cir. 1981). In some unfortunate timing, back in 1981, *Miller* was decided only two days after the Supreme Court's decision in *Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981). Both cases addressed whether there was a right to contribution on federal statutory causes of action. *Miller* dealt with contribution on a claim made under 42 U.S.C. § 1982. *Northwest Airlines* dealt with contribution under Title VII, 42 U.S.C. § 2000e-2, and the Equal Pay Act, 29 U.S.C. § 206(d).

---

[4] We note here that only Ellison is named in the two third-party claims. Recovery against Rhoads & Sinon is based solely on the theory of respondeat superior. We put aside whether respondeat superior is a valid theory of recovery in a civil rights action, even against a private entity, as it is not necessary to resolve the motion.

Both cases addressed whether federal common law could supply a right to contribution.[5] Their approaches materially differed. In *Northwest Airlines*, the Supreme Court started by acknowledging that federal courts have the authority to create federal common law, even though federal courts, unlike state courts, are courts of limited jurisdiction. 451 U.S. at 95, 101 S.Ct. at 1582. Nonetheless, the Court stated that "federal common-law "'is subject to the paramount authority of Congress.'" Id. at 95, 101 S.Ct. at 1582 (quoted case and footnote omitted). It then described the situations where a federal court has the authority to create common law; first, when dealing with "[b]roadly worded constitutional and statutory provisions," *id.*, 101 S.Ct. at 1582; second, "in cases raising issues of uniquely federal concern, such as the definition of rights or duties of the United States; and third, "the resolution of interstate controversies." *Id.*, 101 S.Ct. at 1582. The Court gave admiralty law as an example of a "narrow exception to the limited lawmaking role of the federal judiciary," *id.*, 101 S.Ct. at 1583, and said that the creation of a right to contribution in admiralty cases in *Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974), was based upon "the power of the federal judiciary to fashion rules of law in admiralty." 451 U.S. at 96-97, 101 S.Ct. at

---

[5] *Northwest Airlines* also considered whether the statutory language created a cause of action for contribution, even if contribution is not explicitly mentioned in the statute. As set forth in *Northwest Airlines*, in this statutory analysis the court first looks to the language of the statute itself. If the contribution cause of action is not expressly found there, the court then determines if the right is nonetheless implied in the statutory language. *Northwest Airlines*, 451 U.S. at 90-91, 101 S.Ct. at 1580-81. We agree with those courts that have decided that *Northwest Airlines*'s statutory analysis does not support a right to contribution in a section 1983 claim. *See, e.g., Katka v. Mills*, 422 F. Supp. 2d 1304, 1309 (N.D. Ga. 2006); *Greene v. City of New York*, No. 08-243, 2010 WL 1936224, at *3 (E.D.N.Y. May 12, 2010).

1583.  Significantly, in making this observation, the Court disapproved of *Glus v. G.C. Murphy Co.*, 629 F.2d 248, 253 (3d Cir. 1980), where the Third Circuit relied on *Cooper Stevedoring* to support the existence of a federal common-law right of contribution in areas outside of admiralty.  451 U.S. at 96, 101 S.Ct. at 1583.[6]

The *Northwest Airlines* Court decided against creating a common-law right to contribution in Title VII and Equal Pay Act cases because both statutes were "comprehensive legislative scheme[s], including enforcement procedures, *id.* at 97, 101 S.Ct. at 1584, thereby indicating that Congress had intentionally omitted a right of contribution.  The Court concluded it could not contradict the statute by using its authority to create common law.

*Miller*'s approach to the authority of federal courts to create common law for a statutory right, and specifically a common-law right of contribution, was materially different.  It essentially asserted, relying on *Glus*, *supra*, that federal courts have the authority to create common law in the interstices of any federal remedial statute, i.e., when the statute is silent on the issue, as long as it would serve the goals of the statute.  As support, it cited a number of cases recognizing a common-law right to contribution, without regard to the federal source of the right.  646 F.2d at 106-07.  For example, and in contrast to *Northwest Airlines*, admiralty cases were cited as support for the authority to create a right of contribution for a section 1982 claim.  646 F.2d at 108.  Pursuant to

---

[6] *Glus*, which found a right to contribution in Title VII cases, was overruled by *Northwest Airlines*, and reversed in material part in *Retail Wholesale & Dep't Store Union v. G.C. Murphy Co.*, 654 F.2d 944 (3d Cir. 1981), on remand from the Supreme Court.

42 U.S.C. § 1988(a), the Third Circuit recognized this common-law right to contribution as a law of the United States that may be used to vindicate the rights conferred under section 1982. *Id.* at 105-06.[7]

*Miller*'s approach to federal common-law differs even more markedly from *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981), a case decided about a month after *Miller*. In *Texas Industries*, the Supreme Court decided that there was no federal common-law right to contribution under the antitrust laws.[8] The Court began by noting there is "'no general federal common law.'" *Id.* at 640, 101 S.Ct. at 2067. The Court then stated:

---

[7] Section 1988(a) provides as follows:

(a) Applicability of statutory and common law

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

[8] It also decided there was no statutory right to contribution, either express or implied. *Id.* at 639-40, 101 S.Ct. at 2066-67.

-7-

>           absent some congressional authorization to formulate
>           substantive rules of decision, federal common law exists only
>           in such narrow areas as those concerned with the rights and
>           obligations of the United States, interstate and international
>           disputes implicating the conflicting rights of States or our
>           relations with foreign nations, and admiralty cases.

*Id.* at 641, 101 S.Ct. at 2067 (footnotes omitted).  In accord with its decision in *Northwest Airlines*, the Court rejected contribution in an antitrust action because the remedial provisions of the antitrust laws were detailed and specific, indicating, just as in *Northwest Airlines*, a congressional intent not to allow such an action.  *Id.* at 645-46, 101 S.Ct. at 2069-70.

Neither *Northwest Airlines* nor *Texas Industries* addressed whether there was a common-law right to contribution in section 1983 claims.  However, courts outside the Third Circuit confronting that issue have decided, relying on the analysis in those cases, that there is no federal common-law right to contribution in section 1983 claims.  *Crews v. County of Nausau*, 612 F. Supp. 2d 199, 211 (E.D.N.Y. 2009) (quoting *Texas Industries*' statement, which cited *Northwest Airlines*, that there is "'no general federal common-law right to contribution"); *Hurley v. Horizon Project, Inc.*, No. 08-1365, 2009 WL 5511205, at *4 (D. Ore. Dec. 3, 2009) ("*Northwest Airlines* and *Texas Industries* both eliminate any possibility of a general federal common law right to contribution.") (magistrate judge's report adopted in 2010 WL 273806); *Katka v. Mills*, 422 F. Supp. 2d 1304, 1309 (N.D. Ga. 2006) (*Northwest Airlines* and *Texas Industries* are strong indications from the Supreme Court that only under the most narrow and specific of circumstances could a federal common law right to contribution be found."); *Gray v. City*

*of Kansas City*, 603 F. Supp. 872, 874 (D. Kan. 1985) (citing *Texas Industries* for the "narrow areas" in which federal courts can create common law).

We agree with the reasoning of these courts, and since we also agree that a statutory analysis indicates no right to contribution, at this point we would normally determine if section 1988(a) would allow us to borrow Pennsylvania law on contribution. As quoted above, section 1988(a) provides that we should enforce section 1983 in conformity with federal law, but when federal law is "deficient," we may look to state law as long as it is "not inconsistent with the Constitution and laws of the United States." *See Robertson v. Wegmann*, 436 U.S. 584, 588, 98 S.Ct. 1991, 1994, 56 L.Ed.2d 554 (1978). Since federal law appears to be deficient on the right of contribution in section 1983 claims, state law may supply that right.

First, however, we will deal with the defendant School District's argument that *Miller* controls here and requires us to allow its contribution claims to proceed. If the argument is correct, we need not look to state law. The School District cites *Fishman v. DeMeo*, 604 F. Supp. 873 (E.D. Pa. 1985), where the court decided it was bound by *Miller* to recognize a right to contribution in a section 1983 action. In doing so, the *Fishman* court rejected the argument that in light of *Northwest Airlines* and *Texas Industries*, *Miller* was no longer good law.

As for *Northwest Airlines*, the court in *Fishman* believed that the Third Circuit's common-law analysis in *Miller* was in accord with the Supreme Court's approach in that case. The district court relied on the Court's statement in *Northwest Airlines* that

-9-

the "common-law tradition" allowed courts to give "concrete meaning" to "[b]roadly worded constitutional and statutory provisions," *Fishman*, 604 F. Supp. at 876, implying that section 1983 fit that description. Additionally, in *Northwest Airlines* the Supreme Court was looking at "comprehensive legislative scheme[s]," Title VII and the Equal Pay Act, but section 1983 lacks that detailed structure. *Id.* Similarly, *Texas Industries* dealt with a comprehensive remedial scheme for antitrust violations. The court thus concluded that neither *Northwest Airlines* nor *Texas Industries* affected *Miller*'s precedential authority.[9]

We respectfully disagree with *Fishman*'s conclusion that *Miller* remains good law. We think that *Miller* does not survive *Texas Industries*, even if it could be viewed as consistent with *Northwest Airlines*. And since *Texas Industries* was decided about a month after *Miller*, we should follow that case rather than *Miller*. "We cannot 'lightly abjure' a binding decision of the court of appeals, *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 319 (M.D. Pa. 2004), but when the decision has been 'undermined' by a later decision of the Supreme Court, we are obligated to recognize that the circuit case

---

[9] Two other courts in the Third Circuit have agreed with the court's reasoning in *Fishman* that *Miller* is still good law. *Klaitz v. New Jersey*, No. 04-529, 2007 WL 608444, at *3-4 (D. N.J. Feb. 23, 2007); *Alexander v. Hargrove*, No. 93-5510, 1994 WL 444728, at *3 (E.D. Pa. Aug. 16, 1994). *Alexander* adds other reasons: *Miller* was decided two days after *Northwest Airlines,* so it can be presumed that the Third Circuit was aware of the latter case but decided that it did not affect *Miller*'s outcome. Alternatively, *Miller* could have been corrected by a sua sponte reconsideration or a party's petition for a panel rehearing. 1994 WL 444728, at *4.

-10-

has been overruled. *Id.*" *Frank v. Wiggins (In re Wiggins)*, 341 B.R. 506, 512 (M.D. Pa. 2006) (Caldwell, J.). An implicit overruling is sufficient. *Id.*[10]

As noted, the court in *Fishman* followed *Miller* because *Miller* was seen to be consistent with *Northwest Airlines*'s view of the authority of federal courts to create common law. This position was based on some broad language from Northwest Airlines that "'[b]roadly worded constitutional and statutory provisions necessarily have been given concrete meaning and application by a process of case-by-case judicial decision in the common-law tradition.'" *Fishman*, *supra*, 604 F. Supp. at 876 (quoting *Northwest Airlines*, 451 U.S. at 95, 101 S.Ct. at 1582). That broad language is absent from *Texas Industries*, which emphasizes the limited areas in which federal courts can create federal common law.

We therefore decline to follow *Miller*. We deal here with none of the areas of federal law that the Supreme Court recognized in *Texas Industries* as within a federal court's authority to create common law. And as noted above, there is also no general federal common-law right to contribution.

We are thus back at the point where we must consider whether section 1988(a) allows us to invoke state law on contribution. When federal law is deficient, section 1988(a) authorizes us to look to state law, as long as it is "not inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988(a). Since it appears

---

[10] Like the court in *Fishman*, we do not believe *Miller* can be distinguished because it dealt with section 1982 rather than section 1983, nor because the court's discussion of contribution was in the context of determining apportionment of damages among co-defendants rather than determining if third-party defendants can be joined.

-11-

that federal law is deficient on the right to contribution in section 1983 claims, we therefore look to Pennsylvania law on contribution.

Pennsylvania has a statute allowing contribution among joint tortfeasors, The Uniform Contribution Among Tort-feasors Act, 42 Pa. Con. Stat. §§ 8321-8327 (West 2007), so it appears that the School District can seek contribution here. There could be one objection to allowing the School District contribution. Pennsylvania bases contribution on equitable principles; thus it does not permit an intentional tortfeasor the right of contribution. *Northwestern Mut. Life Ins. Co. v. Babayan*, No. 03-717, 2004 WL 19002516, at *21 (E.D. Pa. Aug. 25, 2004), *aff'd*, 430 F.3d 121 (3d Cir. 2005). In the instant case, Plaintiffs accuse the School District, by way of its agents, of intentionally violating their constitutional rights. It would thus appear that contribution is not available to the School District. However, the parties have not briefed what constitutes intentional conduct for the purpose of contribution under state law. Intentional conduct in that context could very well be different from the intentional conduct that forms the basis of a civil-rights claim. For example, the mayor-appointed members of the Board of Control certainly acted intentionally in terminating Plaintiffs' employment agreements without a hearing, but it cannot be said at this point that they did so with the intent of violating Plaintiffs' right to due process, even though Plaintiffs allege they acted with malicious intent. It may thus be that contribution is available under state law, despite the intentional nature of the civil-rights claim. At this point, we will therefore allow

contribution unless relying on Pennsylvania law would be inconsistent with the Constitution or a federal statute.

Attorney Ellison and Rhoads & Sinon argue that it would be inconsistent with section 1983. They rely on courts that have decided not to follow state law allowing contribution because they believe it would conflict with one of the two major goals of section 1983: deterrence of unconstitutional conduct by state actors.[11]  *See Crews*, *supra*, 612 F. Supp. 2d at 212; *Mason v. City of New York*, 949 F. Supp. 1068, 1079 (S.D.N.Y. 1996). The reasoning is that if civil-rights violators know that they can shift to others some of the damage they may cause by the violation, they may not refrain from committing the wrongful act. *Crews*, 612 F. Supp. 2d at 212 (because "deterrence of these abuses of power by state actors is reduced by the possibility that defendants may seek contribution, permitting a right to contribution in this context may weaken one of the primary purposes of Section 1983"). Other courts, bypassing the issue of whether state law permits contribution, have refused to allow contribution in section 1983 claims in any event for the same reason. *Hurley v. Horizon Project, Inc.*, *supra*, 2009 WL 5511205, at *5; *Hepburn v. Athelas Institute, Inc.*, 324 F. Supp. 2d 752, 759 (D. Md. 2004).

We reject this argument. We see no inconsistency with the goal of deterrence if civil-rights violators are allowed to seek contribution. We think deterrence is served as long as the violators are aware that they may be liable in damages, even if

---

[11] "The policies underlying § 1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Robertson, supra*, 436 U.S. at 590-91, 98 S.Ct. at 1995.

they may lessen the impact by obtaining contribution from another party. Allowing contribution also serves deterrence in a direct way. *See Glus*, *supra*, 629 F.2d at 252 ("Without a right of contribution a wrongdoer may escape liability for his actions because of the happenstance of the plaintiff's choice of defendants.") (cited treatise omitted).[12] We also think allowing contribution serves the other goal of section 1983, compensation of the victim because it allows a defendant to bring into the case a party who can provide additional compensation.[13]

We will therefore deny the motion for judgment on the pleadings and allow the School District's third-party claims to proceed. Since those claims remain, we see no reason to disturb our previous ruling that the legal malpractice claim can also proceed.

B. *Certification for Interlocutory Appeal*

Since we have decided to allow contribution, we will comment on attorney Ellison's and Rhoads & Sinon's request (in their brief) under 28 U.S.C. § 1292(b) for an interlocutory appeal on this issue. Under section 1292(b), we can certify an order for interlocutory appeal if the order "involves (1) a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal

---

[12] *Glus* made this statement as part of the Third Circuit's understanding of federal common law, an understanding that conflicts with the Supreme Court's approach in *Texas Industries*. However, the point is a valid one to make here since we are acting under authority granted us by Congress under section 1988(a) to determine if we should borrow state law on contribution.

[13] Of course, this is accomplished indirectly; the third-party defendant would only be liable to the defendant, but that liability would assist in payment of any judgment the plaintiff obtained against the defendant.

may materially advance the ultimate termination of the litigation . . ." 28 U.S.C. § 1292(b) (numbering added).

"A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). "'[S]ubstantial ground for difference of opinion'" exists "when the matter involves 'one or more difficult and pivotal questions of law not settled by controlling authority.'" *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (quoted cases omitted); *see also Cuttic v. Crozer-Chester Med. Ctr.*, 806 F. Supp. 2d 796, 804 (E.D. Pa. 2011) (quoting *Knipe*). "'A Section 1292(b) certification materially advances the litigation's ultimate termination where the interlocutory appeal will eliminate the need for trial, complex issues, or issues that make discovery more difficult and more expensive.'" *Cuttic*, 806 F. Supp. 2d at 805 (quoted case omitted); *see also Patrick v. Dell Fin. Services*, 366 B.R. 378, 387 (M.D. Pa. 2007).

We agree with the moving third-party defendants that the first two requirements of section 1292(b) are satisfied. There is a controlling question of law as the third-party claims against attorney Ellison and Rhoads & Sinon can only proceed if there is a right to contribution on section 1983 claims. There is also substantial ground for difference of opinion as many courts will not use state contribution law, even if section 1988(a) would allow it, because they view it as contrary to one of the goals of section 1983 –- deterrence of civil rights violators.

However, the certification request fails on the third criterion. An immediate appeal will not materially advance the ultimate termination of the litigation. Moving third-party defendants say that it will for two reasons. First, if the Third Circuit reverses us on appeal, discovery will be less expensive because Ellison and Rhoads & Sinon will avoid the costs of discovery and the other parties will avoid the discovery related to the malpractice claim against Ellison. Second, trial of the case would be simplified as there would be no need for evidence, argument or jury deliberation on the malpractice claim.

This argument fails to recognize that attorney Ellison will have to be deposed, and perhaps testify at trial, concerning the advice he gave the mayor-appointed members of the Board of Control and his involvement in the decision to terminate Plaintiffs' employment agreements. Plaintiffs do charge the defendants with acting according to "the Mayor's plan and personal agenda to destroy plaintiff Kohn's career and those of the people that supported him." *Kohn v. Sch. Dist. of the City of Harrisburg*, 817 F. Supp. 2d 487, 496 (M.D. Pa. 2011). Thus, Ellison's advice will be a relevant area of discovery and testimony at trial.

We will issue an appropriate order.

    /s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 16, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD KOHN, *et al.*,   Plaintiffs | : : : |
| v. | : CIVIL NO. 1:11-CV-109 |
| SCHOOL DISTRICT OF THE CITY OF HARRISBURG, *et al.*,   Defendants | : : : : : |
| v. | : : |
| LINDA THOMPSON, *et al.*,   Third-party Defendants | : : |

*O R D E R*

AND NOW, this 16th day of August, 2012, it is ORDERED that the motion (Doc. 125 and 127) for judgment on the pleadings filed by third-party defendants, James E. Ellison, Esq., and Rhoads & Sinon, is DENIED.

    /s/ William W. Caldwell
    William W. Caldwell
    United States District Judge

-17-