IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERALD KOHN, *et al.*,           :
    Plaintiffs                       :
                                     :
    v.                               :     CIVIL NO. 1:11-CV-109
                                     :
SCHOOL DISTRICT OF THE CITY       :
OF HARRISBURG, *et al.*,           :
    Defendants                       :
                                     :
    v.                               :
                                     :
LINDA THOMPSON, *et al.*,          :
    Third-party Defendants           :

## M E M O R A N D U M

I. *Introduction*

        Pursuant to Fed. R. Civ. P. 56(a), Plaintiffs have filed a motion for partial summary judgment on liability. We are considering four defense motions under Fed. R. Civ. P. 56(d) seeking additional time for discovery before opposition to the motion must be filed.

        The plaintiffs are Gerald Kohn, Julie Botel, and Rebecca Hostetler. They were formerly the superintendent of the Harrisburg School District, the deputy superintendent, and the assistant superintendent, respectively. They brought this suit to contest the termination of their employment without notice or hearing. The defendants are the School District; the District's Board of Control and the mayor-appointed members of the Board of Control, Gloria Martin-Roberts, Herbert Goldstein, Autumn Cooper,

Sanford Long, Jennifer Smallwood; the "Elected School Board" and its members, Lola D. Lawson, Lionel Gonzalez, Wayne L. Henry, Randy King, Jeffrey Moore, Tiffiney Penn, Patricia Whitehead-Myers, Roy E. Christ, and Esther E. Edwards. The School District has brought into the case as third-party defendants, James E. Ellison, Esq., the District's former counsel, Rhoads & Sinon, the law firm where he practices, and Linda Thompson, the Mayor of the City of Harrisburg.

Plaintiffs present two main claims. One is under 42 U.S.C. § 1983, alleging the terminations violated Plaintiffs' Fourteenth Amendment right to due process. The other is under state law, alleging breach of contract because Plaintiffs' employment agreements allowed termination only for good cause and only after notice and a hearing. Greater detail can be found in our memorandum dealing with the defendants' motions to dismiss. *Kohn v. Sch. Dist. of City of Harrisburg*, 817 F. Supp. 2d 487 (M.D. Pa. 2011), in which we dismissed some claims and allowed others to proceed. *Id.* at 514.

The four Rule 56(d) motions were filed by: (1) the Elected Board and the Elected Board members; (2) Roy E. Christ and Esther E. Edwards, members of both the Board of Control and the Elected Board; (3) the School District; and (4) the Board of Control and the mayor-appointed members of the Board of Control.

II. *Discussion*

Plaintiffs' motion for partial summary judgment seeks judgment on liability on the following claims: (1) their federal due-process claims against the School District and the individual defendants; (2) their state-law claims in mandamus against the School

-2-

District, the Elected Board and the Elected Board members; (3) their state-law breach-of-contract claims against the School District; and (4) their claims for declaratory relief against all defendants that they were illegally terminated. A review of the motion and supporting brief reveals that the factual basis upon which judgment is sought is that the record shows Plaintiffs were not given notice or a hearing before they were discharged.

Rule 56(a) allows a motion for partial summary judgment. In part, a "party may move for summary judgment, identifying . . . the part of each claim or defense –- on which summary judgment is sought." The discovery deadline in this case was extended to December 31, 2012, but as pertinent here, a motion for summary judgment may be made "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

If nonmoving parties believe they need additional discovery to adequately oppose a summary-judgment motion, they may file an affidavit or declaration under Fed. R. Civ. P. 56(d). That Rule provides:

(d) **When Facts Are Unavailable to the Nonmovant**.

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

The affidavit or declaration must "detail[ ] what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been

obtained," *Doe v. Abington Friends Sch.*, 480 F.3d 252, 255 n.3 (3d Cir. 2007)(internal quotation marks and quoted case omitted), although as long as the necessary information is provided, the requirements of an affidavit or declaration need not always be complied with. *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994). We have discretion in considering a Rule 56(d) motion, and the factors listed are not exhaustive. *Superior Offshore Int'l, Inc. v. Bristow Group, Inc.*, ___ F. App'x ___, ___, 2012 WL 3055849, at *8 (3d Cir. 2012)((nonprecedential)(quoting *Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 458 (3d Cir. 2003)). "'District courts usually grant properly filed Rule 56(f) motions as a matter of course. This is particularly so when there are discovery requests outstanding or relevant facts are under the control of the moving party.'" *Murphy v. Millennium Radio Group LLC*, 650 F.3d 295, 309-10 (3d Cir. 2011)(quoting *Doe*, 480 F.3d at 257).[1]

Collectively, the four motions argue the following. First, the parties had agreed (informally at least) that discovery would be postponed while they explored settlement during the summer of 2012. Second, significant discovery remains to be completed, including numerous depositions of parties and fact witnesses. (Doc. 157 at p. 2). Third, the defendants need "additional discovery on the issue relating to any requests for reinstatement or appeal by Plaintiffs, and personal knowledge and or actions on the part of [the Elected Board members] regarding any opportunities present to correct the alleged due process violations." (Doc. 150, Elected Board's "declaration," ¶ 16, p. 4).

---

[1] Rule 56(f) is the predecessor section to Rule 56(d). The substance of both rules remains the same. *Pennsylvania v. Sebelius*, 674 F.3d 139, 157 n.3 (3d Cir. 2012).

Fourth, Plaintiffs rely on general averments in a penalty-of-perjury declaration of Mark E. Holman, the District's former human-resources manager, and Holman needs to be deposed.

Other arguments the School District makes are: discovery is needed on the "level of independent action of the mayor-appointed members of the Board of Control" and "Plaintiffs' performance with regard to the Improvement Plan." (Doc. 153, ¶ 6(a) and (c)). The Board of Control and the mayor-appointed members of the Board argue additional discovery is needed on the following:

> the allegation that no notice or hearing was provided to Plaintiffs prior to the Mayor-appointed Board of Control's votes at public Board of Control Meetings to adopt the Resolutions rescinding the named Plaintiffs' employment contracts; that said rescission was not consistent with the School District's Improvement Plan under the Education Empowerment Act (EEA); Plaintiffs' performance under the Improvement Plan; and that personal liability should attach to the Individual Members of the Board of Control allegedly based upon their "collusory" action in voting to adopt the Resolutions to rescind the employment contracts.

(Doc. 156, Muscante declaration, ¶ 8).

The Board of Control and the mayor-appointed members of the Board also argue additional discovery is needed on the following issues (overlapping somewhat with the above) that are expected to be in dispute:

> whether notice and a hearing were required prior to rescission of Plaintiffs' employment contracts under the EEA; whether the actions taken at public Board of Control Meetings to adopt the Resolutions to rescind Plaintiffs' employment contracts were undertaken consistent with the School District's Improvement Plan under the EEA; the extent of Plaintiffs'

performance under the Improvement Plan; whether the actions taken by the Individual Board of Control Members to adopt the Resolutions to rescind Plaintiffs' employment contracts were taken in the Board of Control Members' official capacities; whether the Individual Members of the Board of Control are entitled to qualified immunity for the actions taken by them to adopt the Resolutions to rescind the Plaintiffs' employment contracts; and whether there was any conspiracy by any party to deprive Plaintiffs of their alleged due process rights.

(*Id.* ¶ 9).

The arguments made for a Rule 56(d) extension do not persuade us. The defendants have to show that they cannot present facts essential to their opposition to summary judgment unless an extension is granted. Plaintiff's motion focuses on whether the mayor-appointed members of the Board of Control failed to give notice and opportunity to be heard before Plaintiffs were terminated and whether the members of the Elected Board had sufficient personal involvement in Plaintiffs' not being reinstated in the months after their discharge. The defendants certainly have access to evidence that would rebut Plaintiffs' evidence in this regard, if only to affidavits or declarations of the board members, either mayor-appointed or elected, as to what they did in regard to these factual issues. The defendants' remaining arguments deal with legal issues or factual issues that do not bear on liability. In other respects, the defendants' position is not specific enough.

We will therefore deny the Rule 56(d) motions and require the defendants to file opposition to Plaintiffs' summary-judgment motion.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 6, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERALD KOHN, *et al.*,          :
   Plaintiffs          :
                                         :
   v.          :  CIVIL NO. 1:11-CV-109
                                         :
SCHOOL DISTRICT OF THE CITY          :
OF HARRISBURG, *et al.*,          :
   Defendants          :
                                         :
   v.          :
                                         :
LINDA THOMPSON, *et al.*,          :
   Third-party Defendants          :

*O R D E R*

AND NOW, this 6th day of November, 2012, upon consideration of the

defendants' motions (Doc. 149, 151, 153 and 155) pursuant to Fed. R. Civ. P. 56(d) for

an extension of time to oppose Plaintiffs' motion for summary judgment it is ORDERED

that:

     1.  The motions are denied.

     2.  Defendants shall have twenty-one (21) days from the
date of this order to oppose Plaintiffs' summary-judgment
motion.

     3.  Plaintiffs shall have fourteen (14) days to file a reply
brief.

                        /s/ William W. Caldwell
                       William W. Caldwell
                       United States District Judge